IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES LARRY PURVIS,
    Plaintiff,

vs.                                      Case No. 3:05cv25/RV/EMT

CARYL SUE KILINSKI,
JEFF STRALEY,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

    This cause is before the court on Plaintiff's "Motion to Invoke Court Order Upon Inmate Bank" (Doc. 12), construed as a motion for preliminary injunction, and "Filings on Inmate Account per Order of This Court" (Doc. 17), construed as a motion to expedite ruling on the motion for preliminary injunction. Plaintiff, an inmate proceeding pro se and in forma pauperis, initiated this civil rights action under 42 U.S.C. § § 1983 and 1985(3) to challenge Defendants' imposition and collection of liens on his inmate account on the ground that the funds deposited into his account are veteran's benefits exempt from levy under 38 U.S.C. § 5301(a) and Florida Statutes sections 77.041 and 744.626. Plaintiff seeks reimbursement of the funds taken from his account, as well as an injunction prohibiting future liens. In the instant motion, Plaintiff seeks an order from this Court enjoining Defendants from imposing or collecting liens on his account.

    The granting or denial of a temporary restraining order or preliminary injunction rests in the discretion of the district court. <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group, Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997). The district court, however, must exercise its discretion in the light of whether:

    1.    There is a substantial likelihood that Plaintiff will prevail on the merits;

    2.    There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

    3.    The threatened injury to Plaintiff outweighs the threatened harm injunction will do to Defendants; and

    4.    The granting of the preliminary injunction will not disturb the public interest.

*Id.*; Johnson v. United States Department of Agriculture, 734 F.2d 774 (11th Cir. 1984). Furthermore, "[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." All Care Nursing Service v. Bethesda Memorial Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted). Additionally, injunctions should be granted for definite, future injuries, not conjectural ones. Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994).

In the instant case, Plaintiff has failed to demonstrate the existence of a substantial threat that he will suffer <u>irreparable</u> injury if the injunction is not granted. Plaintiff's injury, specifically, the taking of funds from his inmate account, is by no means impossible to rectify. If Plaintiff is successful in this action, he will receive full compensation for any funds erroneously seized from his inmate account. Because Plaintiff has failed to satisfy all of the four requirements for obtaining preliminary injunctive relief, his motion should be denied.

Accordingly, it is **ORDERED**:

Plaintiff's "Filings on Inmate Account per Order of This Court" (Doc. 17), construed as a motion to expedite ruling on the motion for preliminary injunction (Doc. 12), is **DENIED** as moot.

And it is respectfully **RECOMMENDED**:

Plaintiff's Motion to Invoke Court Order Upon Inmate Bank (Doc. 12) be **DENIED**.

At Pensacola, Florida, this 21st day of March, 2005.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**