IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES LARRY PURVIS,
    Plaintiff,

vs.                                                    Case No.: 3:05cv25/RV/EMT

JEFF STRALEY,
JAMES V. CROSBY,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

        This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 32) and Motion for Summary Judgment based on Newly Discovered Evidence (Doc. 36).  Plaintiff, an inmate proceeding pro se and in forma pauperis, brought this action under 42 U.S.C. § 1983 to challenge Defendants' imposition and collection of liens on his inmate account on the ground that the funds deposited into his account are veteran's benefits exempt from levy under 38 U.S.C. § 5301(a) and Florida law.  Plaintiff seeks a declaratory judgment, audit of his inmate account from 1994 to the present, reimbursement of the funds taken from his account, an injunction prohibiting future liens, and punitive damages.  Upon review of the amended complaint, it appears service upon Defendants is appropriate, therefore, Plaintiff shall be required to provide two (2) copies of the complaint, including attachments.

        Plaintiff additionally filed a motion for summary judgment seeking judgment in his favor on the ground that a Florida appellate court recently issued a decision declaring that the administrative rule authorizing deductions from inmate accounts and the imposition of liens upon accounts to cover costs for photocopying services was not supported by specific legislative authority (*see* Doc. 36; Smith v. Fla. Dep't of Corr., No. 1D03-4571, 2005 WL 1199049 (Fla. 1st DCA May 23, 2005)).  The fact that a state court essentially invalidated the administrative rule relied upon by the Department of Corrections to assess and collect fees for photocopying services is not determinative of the issue in the instant case, namely, whether Defendants are violating federal law by assessing and collecting from Plaintiff's account all types of liens where the funds are later identified as

exclusively veteran's benefits. Therefore, Plaintiff has failed to establish he is entitled to judgment as a matter of law.

Accordingly, it is **ORDERED**:

1. The clerk shall change the docket to reflect that the only Defendants in this action are James Crosby, Jr., Secretary of the Florida Department of Corrections, and Jeff Straley, Superintendent of the inmate bank system.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall provide two complete copies of the amended complaint (Doc. 32), including attachments, for service upon Defendants.

And it is respectfully **RECOMMENDED**:

1. Plaintiff's Motion for Summary Judgment based on Newly Discovered Evidence (Doc. 36) be **DENIED**.

2. This case be **REFERRED** to the undersigned for further proceedings, including service of the amended complaint upon Defendants.

At Pensacola, Florida, this 22nd day of June, 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No. 3:05cv25/RV/EMT