IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES LARRY PURVIS,
    Plaintiff,

vs.                                                    Case No. 3:05cv25/RV/EMT

JAMES V. CROSBY, JR.,
and JEFF STRALEY,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the court on Plaintiff's Notice of Inquiry (Doc. 92) in which he requests that the court re-open this case and adjudicate an additional claim. Plaintiff originally filed this case under 42 U.S.C. § 1983 claiming that Defendants violated 38 U.S.C. § 5301 by imposing liens on and collecting funds from his inmate bank account for legal photocopying services (*see* Doc. 32). Additionally, he claimed that Defendants violated his due process rights by failing to provide pre-deprivation notice and hearing. On June 5, 2006, the undersigned issued a Report and Recommendation recommending that Plaintiff's due process claim be dismissed without prejudice because he failed to exhaust his administrative remedies (*see* Doc. 86 at 16). Additionally, the undersigned recommended that Defendants' motion for summary judgment be granted as to Plaintiff's claims of violations of 38 U.S.C. § 5301 (*id*.). On June 30, 2006, the District Judge adopted the recommendations and dismissed Plaintiff's due process claim without prejudice, granted Defendants' motion for summary judgment as to Plaintiff's section 5301 claims, and directed the clerk of court to enter judgment and close the file (*see* Doc. 88).

        In the instant Notice, Plaintiff requests that this court consider a claim that Defendants' collection of funds from his inmate account for legal photocopying services was illegal because the administrative rule upon which Defendants relied for their authority to do so, Rule 33-501.302,

Florida Administrative Code, lacked specific authority under the Florida statutes.  In support of his claim, Plaintiff attached a decision from a Florida county court awarding damages to a prisoner for copying costs deducted from his inmate account on the ground that the Florida First District Court of Appeal found that the cost and enforcement provisions of Rule 33-501.302 were invalid for want of specific statutory authority, *see* Smith v. Dep't of Corrections, 920 So. 2d 638 (Fla. 1st DCA 2005) (Doc. 92, attach.).

Initially, the undersigned construes the instant Notice as a motion to re-open because Plaintiff requests that the case be re-opened for determination of an additional claim.  Additionally, the undersigned recommends that the motion be denied for three reasons.  First, the claim is a state law claim, and in light of the court's dismissal of all federal claims, the undersigned recommends that the court decline to exercise supplemental jurisdiction over any state law claims, pursuant to 28 U.S.C. § 1367(c)(3).  Second, to the extent Plaintiff attempts to frame his claim as a due process violation, Plaintiff concedes in his motion to re-open that he has not fully exhausted his administrative remedies with regard to his claim (*see* Doc. 92 at 2).  Therefore, the court is not authorized to consider his claim.  *See* 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002) (exhaustion of all available administrative remedies is mandatory and is a precondition to suit) (citing Booth v. Churner, 532 U.S. 731, 739, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001)); *see also* Alexander v. Hawk, 159 F.3d 1321, 1325-28 (11th Cir.1998).  Third, Florida law provides a remedy for the unauthorized deprivation of Plaintiff's property; therefore, he cannot maintain a section 1983 action based on the alleged deprivation.  *See* Parratt v. Taylor, 451 U.S. 527, 543-44, 101 S. Ct. 1908, 1917, 68 L. Ed. 2d 420 (1984), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Rodriguez-Mora v. Baker, 792 F.2d 1524, 1527 (11th Cir. 1986).  Because Plaintiff has failed to show that he is able to state a claim for which relief can be granted, re-opening of this case to permit him to assert this claim would be futile.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

That Plaintiff's Notice of Inquiry (Doc. 92), construed as a motion to re-open this case, be **DENIED**.

At Pensacola, Florida this 9th day of January 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**